UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DONNA L. GONZALEZ CRAWFORD**                                                                              **PLAINTIFF**

v.                                                                                          **CIVIL ACTION NO. 3:15CV-662-JHM**

**UNIVERSITY OF LOUISVILLE HOSPITAL** *et al.*                                          **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Donna L. Gonzalez Crawford filed a *pro se* complaint and an application to proceed without prepayment of fees. On the application, she indicated that she had paid or would be paying an attorney for services in connection with this case. Therefore, by Order entered September 17, 2015, the Court directed Plaintiff to advise this Court in writing whether she is represented by counsel in this case or whether she is proceeding without counsel. The Court warned Plaintiff that her failure to comply with this Order within 21 days from its entry would result in dismissal of this action for failure to comply with an Order of this Court. On September 30, 2015, the copy of the Order sent to Plaintiff was returned to the Court by the U.S. Postal Service marked "Return to Sender, Attempted – Not Known, Unable to Forward." On October 2, 2015, the Clerk of Court re-sent a copy of the Order to Plaintiff at her new address reflected in the Court's records. Over 21 days have passed since the Order was re-sent to Plaintiff without any response from Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled

to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to respond to the Court's prior Order, the Court concludes that she has abandoned any interest in prosecuting this action. A separate Order of dismissal will be entered.

Date: November 19, 2015

                                                   **Joseph H. McKinley, Jr., Chief Judge**
                                                   **United States District Court**

cc:     Plaintiff, *pro se*
4414.005